IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DION V. ZESSIN, | ) | CASE NO. 8:07CV247 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| NEBRASKA HEALTH AND HUMAN SERVICES, LINCOLN REGIONAL CENTER, DODGE COUNTY COURTS, NEBRASKA DEPARTMENT OF CORRECTIONS, and ROBERT KEITH, of Fremont, NE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff, Dion V. Zessin's, Motion to Proceed In Forma Paupers ("IFP") (Filing No. 2). The Plaintiff is now in the custody of the Lincoln Regional Center. The term "prisoner" under the PLRA "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person involuntarily committed as a mental patient, and not as a result of a criminal conviction, is not a "prisoner" for the purposes of the PLRA. *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). *See also Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007); *Willis v. Smith*, 2005 WL 550528, *9 (N.D. Iowa 2005).

The record does not disclose whether Plaintiff's current commitment to the Lincoln Regional Center arises from any criminal conviction. However, to facilitate a more expeditious resolution of this case, the court will presume the Plaintiff is residing at the Lincoln Regional Center as a patient and not as a result of a criminal conviction.

Therefore, because the PLRA does not apply to the Plaintiff, and he qualifies financially, he is not required to pay the filing fee and his Motion for Leave to Proceed IFP is provisionally granted.

IT IS THEREFORE ORDERED:

That the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing No. 2) is provisionally granted.

Dated this 20th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge