IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DION V. ZESSIN, | ) | CASE NO. 8:07CV247 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON |
| | ) | INITIAL REVIEW |
| NEBRASKA HEALTH AND HUMAN | ) | |
| SERVICES, LINCOLN REGIONAL | ) | |
| CENTER, DODGE COUNTY COURTS, | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONS, and ROBERT KEITH, | ) | |
| of Fremont, NE, | ) | |
| | ) | |
| Defendants. | ) | |

This court provisionally granted the Plaintiff's Motion to Proceed In Forma Pauperis (IFP). By proceeding IFP, the Plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

**Complaint**

In his Complaint, Plaintiff alleges that the Nebraska Health and Human Services, Lincoln Regional Center, Dodge County Courts, Nebraska Department of Corrections and his Public Defender, Robert Keith, violated his federal constitutional rights. The plaintiff complains that various orders issued by the Dodge County Courts, and the implementation

of the directives of those orders by the Lincoln Regional Center and the Department of Corrections, violated his civil rights. Further, Plaintiff argues that Dodge County has charged him with crimes he did not commit. Unfortunately, that is as much detail as the complaint contains.

It is unclear whether the plaintiff has been convicted of a crime. He may well have been involuntarily committed without a criminal conviction. For purposes of initial review, I assume that the plaintiff is not a "prisoner" for purposes of the Prison Litigation Reform Act (PRLA).

**Initial Review and Dismissal of Cases Where the Plaintiff is Not a "Prisoner"**

A person involuntarily committed as a mental patient, and not as a result of a criminal conviction, is not a "prisoner" for the purposes of the PLRA. *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). *See also Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007); *Willis v. Smith*, No. C04-4012-MWB, 2005 WL 550528, at *9 (N.D. Iowa February 28, 2005).

The foregoing said, it is clear that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed in forma pauperis without regard to whether the plaintiff is a prisoner, and 28 U.S.C. § 1915A authorizes dismissal of complaints filed by prisoners against a governmental entity without regard to whether the filing fee was paid. *See e.g., Fogle v. Blake*, No. 07-2140, 2007 U.S. App. LEXIS 16297, at *1-2 (8th Cir. 2007) (affirming sua sponte dismissal of nonprisoner IFP complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and failing to state a claim); *Benter v. Iowa*, 221 Fed. Appx. 471 (8th Cir. 2007) (affirming dismissal of action against the Iowa DOT under 28 U.S.C. §

1915(e)(2)(B)(ii) and (iii) based on Eleventh Amendment immunity and failure to state a claim); *Carter v. Bickhaus*, 142 Fed. Appx. 937, 938 (8th Cir. 2005) (affirming dismissal of nonprisoner IFP complaint under 28 U.S.C § 1915(e)(2)(B) for failure to state a claim for damages or injunctive relief, but remanding to permit the plaintiff to allege a habeas case); *Bush v. Smith*, No. 4:06cv3246, 2007 U.S. Dist. LEXIS 9255, at *1-2 (D. Neb. February 8, 2007) (Smith Camp, J.) (holding that by proceeding IFP as a nonprisoner, "the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2). . . ."); *Hayes v. Sharp*, No. 8:06cv732, 2007 U.S. Dist. LEXIS 4892, *3 (D. Neb. January 23, 2007) (Strom, J.) (dismissing a nonprisoner IFP complaint on initial review because "28 U.S.C. § 1915(e)(2)(B)(ii) provides that this case must be dismissed if the plaintiff is proceeding IFP and the complaint fails to state a claim on which relief may be granted"); *see also Griffiths v. Amtrak*, 106 Fed. Appx. 79, 80 (1st Cir. 2004) (stating sua sponte dismissal of a nonprisoner IFP complaint is authorized under 28 U.S.C. 1915(e)(2)(B) if the action is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming sua sponte dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006) (explaining the pre-screening provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners); *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming pre-service dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.

1997)(holding 28 U.S.C. § 1915(e)(2) permits pre-service screening of IFP complaints; 28 U.S.C. § 1915A authorizes pre-service screening of complaints filed by prisoners seeking redress from a governmental entity or its officers or employees); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (under 28 U.S.C. § 1915(e)(2)(B), district courts have the power to screen IFP complaints filed by all litigants, prisoners and non-prisoners alike); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners. . . ."); *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (stating 28 USC § 1915(e)(2)(B) applies to nonprisoner IFP proceedings); *Clime v. Sunwest PEO*, No. 06-11878, 2007 U.S. App. LEXIS 2088, at *2-3 (11th Cir. 2007) (affirming sua sponte dismissal of a nonprisoner complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)); *Hurt v. Bush*, 210 Fed. Appx. 11, 11-12 (D.C. Cir. 2006) (pursuant to 28 U.S.C. § 1915(e)(2)(B), affirming dismissal of nonprisoner claim seeking compensation from all former First Ladies for failure to state a claim upon which relief may be granted and as frivolous).

    Succinctly stated:

> The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.

*In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

**Defendants**

    1.    <u>Attorney Robert Keith</u>

Plaintiff has failed to state a claim for which relief can be granted against his attorney, Robert Keith. To state a claim for relief in an action under 42 U.S.C. § 1983, the Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law." "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991). Therefore, because the Plaintiff has failed to state a claim for which relief can be granted against Robert Keith, he is dismissed from this action.

    2.  <u>Dodge County Courts</u>

Plaintiff also names the Dodge County Courts as a Defendant in this case. In his Complaint, Plaintiff states that "[t]here has been a concerted effort by Dodge County officials to simulate and abuse legal process in Dion Zessins case." The Plaintiff goes on to allege that the abuse is the result of Dodge County Court orders.

Plaintiff fails to state a claim on which relief can be granted against either "Dodge County officials" or the Dodge County Courts. A city or county is liable to a plaintiff for civil rights violations only if the violations result from a "custom" or "policy" of the city or county, implemented through the applicable municipal agency or instrumentality. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Under 42 U.S.C. § 1983, an employer may not be held liable on an imputed or vicarious basis for

constitutional injuries merely because those injuries were inflicted by employees or other persons.  *See, e.g.*, *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 778 (8th Cir. 2001), *citing Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 405 (1997); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Here, the Plaintiff has not set forth any policy or custom of Dodge County that violated the Plaintiff's constitutional rights.

Furthermore, Plaintiff's challenges to Dodge County Court orders are not cognizable in a § 1983 action.  While Plaintiff has not attached the contested orders to his Complaint, he is barred from challenging the state court orders either based on the rules set forth in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), or the *Rooker Feldman* doctrine. [1]

First, if the Plaintiff is challenging the fact or duration of his confinement as set forth in the Dodge County Orders he cannot do so in a § 1983 action.  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  Plaintiff must first bring any such challenge through the proper state court action or a federal habeas action.

---

[1] It is of note that this court recently dismissed a separate civil rights action filed by Plaintiff, Zessin v. Moore, et. al. Case No. 807cv00171.  In that case, the Plaintiff argued that the Defendants violated his civil rights by prescribing anti-psychotic medications and instructing the LRC staff to administer them to the plaintiff by force if necessary.  In support of his claims, Plaintiff attached a copy of a Dodge County Court order stating:
> In an effort to assist Mr. Zessin in becoming competent to stand trial, administration of antipsychotic medication, as prescribed by Dr. Louis C. Martin, is granted; and furthermore such reasonable and necessary medication may be administered involuntarily.

Because Plaintiff could appeal this order in the Nebraska appellate courts, I found that this court lacked subject matter jurisdiction over the Plaintiff's claims and dismissed the case based on the *Rooker-Feldman* doctrine.

Second, any other challenge to the Dodge County Orders would be barred by the *Rooker Feldman* doctrine. Under the *Rooker-Feldman* doctrine,[2] federal district courts generally lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. See *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). "The basis for the *Rooker-Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005). See *Mosby*, 418 F.3d at 931-32 (holding *Rooker-Feldman* divested the federal district court of jurisdiction over a state disciplinary committee ruling where that ruling was subject to review by that Arkansas Supreme Court); *Alexander v. DaimlerChrysler Servs. N. Am., L.L.C.*, 2006 U.S. App. LEXIS 8004 (8th Cir. 2006)(holding pro se plaintiff's claims were barred by *Rooker-Feldman* because they either had been or could have been resolved by the state courts before the plaintiff filed his federal action).

Therefore, because the Plaintiff cannot challenge the Dodge County Court orders in this § 1983 action, the Dodge County Courts are dismissed as a Defendant to this action.

3. State of Nebraska

The Nebraska Department of Health and Human Services, the Nebraska Department of Corrections, and the Lincoln Regional Center are the remaining defendants. These entities lack the capacity to sue and be sued in their own name. Instead, because

---

[2] See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415, 416 (1923).

they are simply subordinate units of state government, the Nebraska Department of Health and Human Services, the Nebraska Department of Corrections and the Lincoln Regional Center are to be liberally construed as the State of Nebraska for purposes of this litigation.

In Plaintiff's prayer for relief, he claims $10,000,000 in monetary damages. State sovereign immunity, preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing in federal court a state, state agencies, or state employees in their official capacity for monetary damages, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. *See, e.g., Morstad v. Dep't of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir.1998) ("[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability."); *see also Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir.1991) ("Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.' " (citations omitted)). No waiver of sovereign immunity applies to this case, therefore, the Plaintiff's request for monetary relief is dismissed.

Having reviewed the complaint, I find that the Plaintiff's remaining allegations against the State of Nebraska are not clear. Plaintiff complains of the implementation by the Lincoln Regional Center of orders entered by the Dodge County Courts. However, Plaintiff does not attach copies of the state court orders he complains of, nor does he clearly identify how the implementation of the orders violates his constitutional rights. As previously explained, Plaintiff cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994);

*Edwards v. Balisok*, 520 U.S. 641, 648 (1997). He must seek federal habeas corpus relief (or appropriate state relief) instead. Moreover, this court lacks subject matter jurisdiction over any claims that, are in substance, an appeal from a state court judgment. *Mosby*, 418 F.3d at 931.

On the other hand, a Plaintiff may maintain an action pursuant to 42 U.S.C. § 1983 to challenge certain conditions of his confinement. Therefore, because the Plaintiff's current allegations against the state are unclear, Plaintiff will be given an opportunity to amend his complaint to clearly state a claim on which relief can be granted against the State of Nebraska. Absent the filing of an amended Complaint, the Plaintiff's Complaint and this action will be dismissed without further warning.

IT IS THEREFORE ORDERED:

1. That Robert Keith is dismissed as a Defendant:

2. That the Dodge County Courts are dismissed as a Defendant;

3. That the Plaintiff's request for monetary damages is dismissed;

4. That Plaintiff shall have until **September 20, 2007**, to amend his Complaint to clearly state a claim on which relief can be granted against the State of Nebraska;

5. The Clerk of court is directed to set a pro se case management deadline in this case using the following text "Review Amended Complaint on **September 20, 2007**."

Dated this 20th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

9